IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MELBA JOYCE SMITH and BILLY F. SMITH §§§§ Plaintiffs §§ vs. §§ ALBERTSONS, INC. §§§§ Defendant § | CASE NO. 2:06-CV-52 |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Albertsons, Inc.'s Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, Motion to Transfer Venue under 28 U.S.C. § 1406(a) (Docket No. 4). Having considered the parties' written submissions, the Court transfers venue *sua sponte*, pursuant to 28 U.S.C. § 1404(a), from the Eastern District of Texas, Marshall Division to the Northern District of Texas, Dallas Division. The Court **DENIES** the motion to dismiss and **DENIES** the motion to transfer pursuant to § 1406(a) as moot.

## BACKGROUND

As a result of a fall in an Albertsons store in Richardson, Texas, Melba Smith suffered serious injuries requiring extensive medical treatment, including hospitalization at Richardson Regional Medical Center and rehabilitation under the care of Dr. Jerold Lancourt. Smith alleges a slippery substance on the floor of the store caused the fall and, together with her husband, is suing Albertsons for negligence. Albertsons filed this Motion to Dismiss for Improper Venue or, in the alternative, Motion to Transfer Venue under 28 U.S.C. § 1406(a).

## APPLICABLE LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *Z-TEL Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 571 (E.D. Tex. 2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen*, 371 F.3d at 204.

## ANALYSIS

Because the incident in question occurred in Richardson, Texas, this claim originally could

have been filed in the Dallas Division of the Northern District of Texas. The Court will now consider the private and public factors.

The nature of negligence cases often designates the court closest to the site of the accident as most convenient for parties to the litigation. *See, e.g., Purdy v. Munden*, 356 F. Supp. 2d 658, 660 (E.D. Tex. 2005)(Davis, J.)(transferring venue in wrongful death suit to the court closest to scene of accident). The witnesses necessary to assert (or deny) Smith's claims are comprehensively located in the cities of Dallas and Richardson, both of which lie within the Dallas Division of the Northern District of Texas. The store in which the accident occurred is in Richardson, and the employees and other witnesses to the accident likely reside in Richardson as well. The emergency medical staff who treated Smith's injuries at the scene of the accident are in Richardson, and Smith's doctor practices out of Dallas. Thus, the private factors, especially the convenience of third-party witnesses, strongly favor transfer.

The balance of the applicable public factors also supports transfer to the Dallas Division. Any alleged negligence necessarily occurred in Dallas Division and its residents have an inherent interest in resolving this case and determining the negligence of local establishments. Residents of the Dallas Division also have a greater interest than residents of the Eastern District in adjudicating Smith's rights since she resides there. Thus, the public factors also favor transfer.

## CONCLUSION

As both the private and public factors weigh in favor of transfer, the Court *sua sponte* **ORDERS** this case transferred to the Northern District of Texas, Dallas Division, pursuant to § 1404(a). The Court **DENIES** as moot the Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and the Motion to Transfer Venue under 28 U.S.C. §

1406(a).

**So ORDERED and SIGNED this 10th day of July, 2006.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**